UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

TOVIA LAFAELE

          Plaintiff,

   v.

J. ARNOLD, J. L. HERRERA,

          Defendants.

CASE NO. CIV 08-0958-JCC

ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff is a state prisoner proceeding *pro se*. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, claiming that Defendants discriminated against him by not assigning him a job at the prison laundry on account of his life imprisonment status and because he is Samoan. (*See* Compl. 6 (Dkt. No. 1).) Plaintiff, who has waited two years for an assignment, allegedly suffers from "extreme idleness" due to the lack of an assignment. (*Id.* at 2.) Plaintiff claims that Defendants thereby violated his due process rights under the Fourteenth Amendment and inflicted cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff requests that the Court appoint counsel pursuant to 28 U.S.C. § 1915 (e)(1) ("The Court may request an attorney to represent any person unable to afford counsel."). Plaintiff contends that he cannot afford counsel, is without funds to pay experts, needs professional assistance due to the complexity of legal issues, and requires counsel to prepare for possible

ORDER - 1

evidentiary hearings and discovery requests. (*See* Compl. 2–4 (Dkt. No. 3).)[1]

The Court may appoint counsel only under "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the Plaintiff's ability to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Id.* (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has clearly articulated his legal challenges, yet has not demonstrated a likelihood of success on the merits. Plaintiff argues that the failure to grant him a work assignment is cruel and unusual punishment because it has led to "extreme idleness." (*See* Compl. 2 (Dkt. No. 1).) However, "idleness and the lack of [vocational and rehabilitative] programs are not Eighth Amendment violations." *See Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982). Plaintiff also claims that Defendants discriminated against him as a Samoan. (*See* Compl. 5 (Dkt. No. 1).) However, evidence in the record suggests that neither of the Defendants knew of Plaintiff's Samoan nationality. (*Id.* at 21.)

Because this case does not appear to present exceptional circumstances, the request for appointment of counsel is DENIED. The Clerk is directed to send uncertified copies of the Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

//

//

---

[1] Plaintiff also expresses concern that prison officials may retaliate against him for his investigation (*id.* at 3); however, he has not provided any reasons to substantiate his concern.

ORDER - 2

1     Dated this 21st day of April, 2009.

								/s/ John C. Coughenour
								John C. Coughenour
								UNITED STATES DISTRICT JUDGE

ORDER - 3