UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AT SACRAMENTO

TOVIA LAFAELE,

        Plaintiff,

  v.

J. ARNOLD, J.L. HERRERA,

        Defendants.

Case No. CIV 08-0958-JCC

ORDER

This matter comes before the Court on Defendants' Motion to Revoke Plaintiff's IFP Status and Dismiss Case (Dkt. No. 17), Plaintiff's Motion to Oppose Defendants' Motion (Dkt. No. 21), which the Court takes as a Response, and Defendants' Reply (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se*. His complaint under 42 U.S.C. § 1983 alleges that Defendants have refused to assign him a job at the prison laundry, which allegedly has caused him to suffer from "extreme idleness." (Compl. 2 (Dkt. No. 1).) He claims that Defendants are discriminating against him because he is incarcerated for life, and because he is Samoan. (*See id.* at 6.) The Court previously denied Plaintiff's request for counsel, and observed serious legal and factual deficiencies with his complaint. (Order (Dkt. No. 9) (citations omitted).) Defendant now moves to revoke Plaintiff's *in forma pauperis* status and dismiss his claim without prejudice under 28 U.S.C. § 1915(g). (Mot. 3 (Dkt. No. 17).)

ORDER
PAGE - 1

## II. DISCUSSION

The Prison Litigation Reform Act prohibits an inmate from proceeding *in forma pauperis* if the inmate, while incarcerated, has on three or more occasions brought an action that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). The defendant bears the initial burden of producing sufficient evidence demonstrating that each of a plaintiff's prior cases was dismissed because it was frivolous, malicious, or failed to state a claim. *Id.* at 1120. Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that the prior dismissal should not count as a strike. *Id.*

Defendants have carried their burden here. Plaintiff has filed at least four prior federal cases while incarcerated that were dismissed for failure to state a claim. *LaFaele v. Smith*, C00-2763-FCD-DAD (E.D. Cal. July 24, 2001) (district judge adopted magistrate judge's recommendation that the matter be dismissed for failure to state a claim); *LaFaele v. Largent*, C02-2469-WBS-PAN (E.D. Cal. Sept. 2, 2004) (same); *LaFaele v. Largent*, C04-0385-DFL-KJM (E.D. Cal. Nov. 11, 2005) (same); *LaFaele v. Carter*, C07-2091-GEB-JFM (E.D. Cal. Jan. 11, 2008) (same). In each of these cases, Defendants provided sufficient documentary evidence to demonstrate that either the district judge or the magistrate iudge explicitly found that Plaintiff was (1) a state prisoner proceeding *pro se* and seeking to proceed *in forma pauperis*, and (2) that Plaintiff's claims must be dismissed for failure to state a cognizable claim.[1] Therefore, Defendants adequately proved that Plaintiff has accumulated four strikes.

---

[1] There is no heightened definition of "failure to state a claim" for the prior matter to count as a strike under § 1915(g). The standard merely parallels Federal Rule of Civil Procedure 12(b)(6). *See Andrews*, 398 F.3d at 1121. Upon review, it is evident that each of Plaintiff's prior cases was dismissed under this standard.

ORDER
PAGE - 2

Plaintiff has failed to demonstrate that the three-strikes provision should not apply. Construing Plaintiff's motion and complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), Plaintiff (1) challenges the definition of those cases as "strikes," and (2) claims that he suffers from "imminent danger of serious physical injury," which would shoehorn his case into the exception to the three-strikes provision.

Plaintiff's arguments against classifying his prior cases as strikes are meritless. First, he alleges that two of his prior cases (the two titled *LaFaele v. Largent*) are actually the same case, but the case numbers alone demonstrate that they were filed over two years apart, assigned different case numbers, and decided by different judges. Second, Plaintiff attempts to create a host of exceptions to the statute out of whole cloth—none of which the Court can countenance. Plaintiff first claims that the *Smith* and *Carter* cases should not count as strikes because they were dismissed prior to service under 28 U.S.C. § 1915(e)(2), but § 1915(g) does not contain any such exception.[2] *See also Burgess v. Conway*, 631 F. Supp. 2d 280, 282 (W.D.N.Y. 2009) (counting a § 1915(e)(2) screening dismissal as a strike); *Fiorentino v. Biershbach*, 64 F.App'x 550, 2003 WL 1870720 at *3 (7th Cir. Apr. 9, 2003) (same). Next, Plaintiff asserts that his *Carter* case will be "rekindled based on new evidence," but this fact, too, is immaterial; it does not undermine the fact that the *Carter* case was previously dismissed for failure to state a claim, bringing it into the plain language of § 1915(g). Again, there is no exception for cases that may, speculatively, be reopened in the future. Similarly, Plaintiff claims that the fact that the Court never appointed Plaintiff counsel should mean that his prior

---

[2] In fact, the § 1915(g) strike standard contains the exact same language as the § 1915(e)(2) screening standard. The United States Supreme Court has long recognized that, when Congress uses the same language even in different parts of the same statute, it generally intends the language to have the same meaning. *See, e.g.*, *Clark v. Martinez*, 543 U.S. 371, 378 (2005) ("To give these same words a different meaning for each category would be to invent a statute rather than interpret one.") Here, Congress presumably intended both provisions to apply to the same sorts of cases, not for one provision to be an exception for the other.

ORDER
PAGE - 3

cases should not count as strikes, but he cites only § 1915(e)(1) for this proposition, which merely provides that the court *may* appoint counsel to an indigent plaintiff. No part of the statute creates an exception to the three-strikes rule for *pro se* prisoners, and this proposition is squarely belied by the case law. In short, the Court cannot read into the statute exceptions that are not there. All four of Plaintiffs' prior cases count as strikes.

Plaintiff's next major argument is that, even if all of his prior cases count as strikes, he should nonetheless be allowed to proceed *in forma pauperis* because his case fits into the narrow exception to the three-strikes provision. (Opp. 2, 3 (Dkt. No. 21).) The three-strikes provision applies "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Construing his complaint liberally, Plaintiff is arguing that his life confinement, his extreme idleness, and his inability to seek redress, either through freedom or through repeated requests to prison officials, constitutes "imminent danger of serious physical injury." (Opp. 3 (Dkt. No. 21).) The "physical injury" to which he refers is the destruction of his "once-active ability in physical activities." (*Id.*)

Plaintiffs' argument is not cognizable. "Restlessness and inactiveness" are not the type of physical injury that Congress had in mind when it created the "safety valve" in the three-strikes provision for ongoing, life-threatening harms. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The case law focuses on imminent, direct dangers of serious harm or death, such as denying necessary medical attention, or placing a prisoner in close proximity to dangerous enemies. *See, e.g.*, *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (withdrawing treatment for HIV and hepatitis); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (withdrawing psychiatric medicine), *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (placing inmate near prison enemies, despite two prior stabbings). The case law does not countenance less dangerous, or less imminent, threats. *See Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (no imminent danger for exposure to mold in a gym shower or allegedly unjust discipline); *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009), (no imminent

danger for improper prosecution and inmate classification); *Martin*, 319 F.3d at 1050 (no imminent danger for two past occasions of forced work in inclement weather). The Court cannot find that Plaintiff is in imminent danger of serious physical injury simply because he is not employed in the prison laundry.

None of Plaintiff's other claims—concerning the procedure of this case, the opportunity for Plaintiff to rebut the allegation that he has accumulated three strikes, whether Plaintiff's inability to work in the laundry affects his chances of parole, or Plaintiff's ability to pay the filing fee (*see* Opp. 3, 4 (Dkt. No. 21))—are germane to the issue at bar.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Revoke Plaintiff's IFP Status and Dismiss Case (Dkt. No. 17) is GRANTED. Plaintiff's *in forma pauperis* status is REVOKED and this matter is DISMISSED without prejudice.

DATED this 18th day of February, 2010.

    /s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE